IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KIHA SILVA, | ) | CIVIL NO. 11-00561 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY AND COUNTY OF | ) | |
| HONOLULU, KEITH DAVID MARINI | ) | |
| and DOE DEFENDANTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS CITY AND COUNTY OF HONOLULU AND KEITH
DAVID MARINI'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Before the Court is Defendants City and County of
Honolulu ("City") and Keith David Marini's ("Marini," both
collectively, "Defendants") Motion to Dismiss First Amended
Complaint ("Motion"), filed on July 31, 2012.  Plaintiff
Kiha Silva ("Plaintiff") filed his memorandum in opposition on
September 27, 2012, and Defendants filed their reply on
October 5, 2012.  The Court finds this matter suitable for
disposition without a hearing pursuant to Rule LR7.2(d) of the
Local Rules of Practice of the United States District Court for
the District of Hawai`i ("Local Rules").  After careful
consideration of the Motion, supporting and opposing memoranda,
and the relevant legal authority, Defendants' Motion is HEREBY
GRANTED IN PART and DENIED IN PART for the reasons set forth
below.

## BACKGROUND

Plaintiff filed his First Amended Complaint on July 16, 2012, alleging that Marini, a Honolulu Police Department ("HPD") officer, shot him following an altercation.  The First Amended Complaint states, in pertinent part:

> 3.   At all material times herein, Defendant KEITH DAVID MARINI (hereinafter "Defendant MARINI") was a police officer employed by Defendant CITY AND COUNTY OF HONOLULU, and acting within the course and scope of his employment.
>
> 4.   This action arises under the United States Constitution, particularly under the provisions of Fourth and Fourteenth Amendments to the Constitution of the United States and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983 (42 U.S.C.A. § 1983) and the laws of the state of Hawaii for damages for unlawful violation of civil rights.
>
> . . . .
>
> 6.   In doing the acts alleged in this complaint, Defendant MARINI was acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant City and County of Honolulu and the State of Hawaii and under the authority of his office as police officer.
>
> . . . .
>
> 8.   At all times mentioned, Defendant CITY AND COUNTY OF HONOLULU employed police officer(s) who were employees, servants and/or agents of defendant's police department, and were acting within the course and scope of that employment, and was the employer of Defendant MARINI at the time of the events complained of herein. Defendants are liable for the negligent/tortious actions of its agents, employees and servants, including those of Defendant MARINI, under the doctrine of respondeat superior/vicarious

liability.

9.   Plaintiff is informed and believes and therefore alleges that at all times mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the remaining defendants, and in doing the things alleged, was acting within the course and scope of that agency and employment.

10.   On March 29, 2009, an altercation occurred between Plaintiff and Defendant Marini involving the Plaintiff's alleged unauthorized entry into the Defendant Marini's motor vehicle.

11.   The Plaintiff was unarmed at the time of said altercation.

12.   Defendant Marini shot the Plaintiff multiple times with his service revolver, including one or more shots into the back of the Plaintiff.  Defendant MARINI made no effort to assist or obtain any medical attention for the Plaintiff after shooting and incapacitating the Plaintiff with the first gun shot to the Plaintiff's abdomen.  Rather, Defendant MARINI continued to fire into the defenseless and helpless Plaintiff.

13.   Plaintiff denies that he had committed a crime justifying the use of lethal force, but even if the Plaintiff had committed an offense, Defendant MARINI was not justified in using deadly force to prevent the Plaintiff's escape and attempt to bring about the death of the wounded Plaintiff.  Although unauthorized entry into a motor vehicle is a crime under the laws of the State of Hawaii, it is not such an inherently dangerous offense that there is a great risk of harm to the public if the perpetrator is not immediately apprehended.  In addition, at the time that the Plaintiff was shot the Plaintiff was unarmed and posed no serious threat of death or serious physical injury to either Defendant MARINI or the public if the Plaintiff were not immediately apprehended.  As a result, the use, and repeated use, of deadly force on the Plaintiff was unreasonable and totally without

3

justification.

14.   Defendant CITY AND COUNTY OF HONOLULU
was responsible for the training of all police
officers of Defendant CITY in the proper use of
firearms and in the exercise of restrain[t] in the
use of weapons and employing force and in the
performance of their duties as police officers.
Defendant CITY trained Defendant MARINI in the use
of firearms in accordance with the statutes,
ordinances, regulations, customs, and usages of
Defendant CITY and the State of Hawaii.

. . . .

33.   Defendant MARINI was not justified in
using deadly force to prevent the Plaintiff's
escape, nor to shoot the unarmed Plaintiff one or
more times in the back as he tried to flee
Defendant MARINI.  At the time that officer MARINI
shot the Plaintiff, the Plaintiff was unarmed and
posed no significant threat of death or serious
physical injury to either Defendant MARINI or the
public at large if the Plaintiff were not
immediately apprehended.  As a result, the use of
deadly force on the Plaintiff was unreasonable and
totally without justification and are a violation
of the "fleeing felon" laws including *Tennessee v.
Garner*, 471 U.S. 1 (1985).  Defendant MARININ's
(sic) actions were willful and malicious.

34.   Defendant CITY AND COUNTY OF HONOLULU
was responsible for the training of all police
officers of defendant city in the proper use of
force and in the performance of their duties as
police officers, including arrest of suspects and
the proper use of service revolvers.  Defendant
CITY AND COUNTY OF HONOLULU was deliberately
indifferent to its obligations to properly
train/retrain Officer MARINI in the performance of
his duties as a police officer and to protect the
constitutional rights of the citizens of Honolulu,
including the use of force on suspects and the
public at large, said deliberate indifference
constituting a substantial factor in bringing
about the permanent injury of the Plaintiff.
Defendant City and County of Honolulu had an
inadequate training program with respect to the

4

use of lethal force on its citizens which resulted
in the deprivation of the constitutional rights of
the Plaintiff and harm to the Plaintiff.

35.   The conduct of Defendants as described
above deprived the Plaintiff of the Plaintiff's
right to be secure in his person against
unreasonable searches and seizure as guaranteed to
the Plaintiff under the Fourth Amendment to the
United States Constitution (Art. XIV, U.S.
Constitution), of Plaintiff's right not to be
subjected to any cruel or unusual punishment as
secured to the Plaintiff under the Eighth
Amendment to the United States Constitution (Art.
VIII, U.S. Constitution), and of Plaintiff's right
not to be deprived of life, liberty, or property
without due process of law and to be accorded the
equal protection of the laws as guaranteed to
Plaintiff under the Fourteenth Amendment to the
United States Constitution (Art. XIV, U.S.
Constitution), and to be free of assault and
battery and unreasonable use of force under the
laws of the state of Hawaii.

Plaintiff alleges the following counts: (I) a 42 U.S.C.

§ 1983 claim based on violations of the Fourth Amendment

(excessive force); (II) a § 1983 claim based on violations of the

Fourteenth Amendment (reckless indifference to medical needs);

(III) a § 1983 claim for monetary damages against the City under

Monell v. Dep't of Social Services, 436 U.S. 658 (1978); (IV) a

battery claim against Marini; and (V) a negligence and "willful

and wanton" misconduct claim against Marini.

The Court previously granted in part and denied in part

Defendants' Motion for Partial Judgment on the Pleadings with

respect to the original Complaint.  In its June 29, 2012 Order

("Order"), the Court granted the motion without prejudice:

(1) Defendants' request to extend the dispositive motions deadline; (2) Count I; (3) Count II as to the City only; (4) Count III; and (5) the "general averments."  The Court denied the motion as to: (1) Count II insofar as it relates to Officer Marini; and (2) Counts IV and V.

## I.  **Defendants' Motion**

Defendants ask the Court to dismiss the claims in Plaintiff's First Amended Complaint which fail to state a claim upon which relief can be granted, and strike all conclusory allegations of law without sufficient factual support from the non-conclusory allegations.  [Mem. in Supp. of Motion at 3.]

### A.  **Conclusory Allegations**

Defendants argue that Plaintiff makes conclusory allegations that Marini was acting "under color of law," and that Marini and other unnamed police officers were "acting within the course and scope of that employment" at the time of the incident. They contend that there are no facts that plausibly indicate that Marini was acting "under color of law" or "in the course of his employment" with the City or HPD.  [Id. at 8 (citing First Amended Complaint at ¶¶ 3, 6, 8, 9).]

### B.  **Municipal Liability**

Next, Defendants seek dismissal of Plaintiff's § 1983 claims against the City to the extent they are based on a *respondeat superior* theory of municipal liability.  They note

that Plaintiff includes an allegation that the City, as the employer of Marini, is liable under a theory of *respondeat superior* in Count I, however, municipal liability under § 1983 may not be predicated on a theory of *respondeat superior*. Further, in the Court's earlier Order, the Court held that Plaintiff failed to allege underlying facts that would tend to show a "policy or custom" implicating liability under § 1983.  The Court granted the City's motion and gave Plaintiff leave to file an amended complaint clearly stating the underlying facts evidencing a failure to train or other deficient City policy.  [Id. at 11-12.]

Defendants argue that Plaintiff again fails to plead nonconclusory facts plausibly suggesting a failure to train or other deficient City policy.  According to Defendants, Plaintiff's allegations of "cover-up" and failure to discipline Marini after the shooting, constituting a claim for municipal liability based upon a theory of "ratification" are similarly insufficient.  Defendants ask the Court to dismiss these claims with prejudice.  [Id. at 12-13.]

C.   **General Averments**

Defendants note that, in the its Order, the Court granted Defendants' motion as to Plaintiff's claims of failure to train and negligent failure to supervise, but that Plaintiff has re-plead the same failure to train claim in his First Amended

7

Complaint.  The Court also granted Defendants' motion as to

Plaintiff's claims under the Fourth, Eighth, and Fourteenth

Amendments.  Defendants ask the Court to dismiss these

allegations with prejudice.  [Id. at 13-14.]

II.  **Plaintiff's Memorandum in Opposition**

Plaintiff's opposition argues that the Motion should be

denied, except with respect to the allegations of violations of

the Eighth Amendment.  [Mem. in Opp. at 1, 39 n.8.]

A.  **Section 1983 "Under Color of Law"**

Plaintiff cites the following language from the Court's

Order regarding his claims against the City, as opposed to Marini

individually:

> Silva alleges that Officer Marini committed
> battery when he "used his service revolver to
> shoot the Plaintiff multiple times. . ."
> [Complaint at [paragraph] 24.] He also alleges
> that Officer Marini committed grossly negligent or
> willful and wanton acts when he shot Silva and
> failed to provide medical assistance.  [Id. at
> [paragraph] 30.]  Silva alleges that, at the time
> Officer Marini committed these acts, he was 'on
> duty as a defendant city police officer and was
> acting in the scope of [his] employment by
> defendant city,' [id. at [paragraph] 24,] and was
> 'an agent, servant, and employee of defendant
> city' [id. at [paragraph] 29].  The Court FINDS
> that Silva's allegations of the City's intentional
> state torts are sufficient to overcome judgment on
> the Pleadings.  Accordingly the Court DENIES the
> Motion as to Counts IV and V.

[Id. at 7 (quoting Order at 38-39 (alterations Plaintiff's)).]

Plaintiff argues that the Court's finding that his allegations

were sufficient to support claims against the City, including

8

Marini's acting in the scope of his employment and as an employee of the City, should also dispose of Defendant's argument that the Plaintiff failed to sufficiently allege that Officer Marini was acting under "color of law." [Id.]

Plaintiff argues that the test for "color of law" is broader than for the scope of authority. [Id. at 7-8 (citing West v. Atkins, 487 U.S. 42, 50 (1988)).] Plaintiff argues that a state actor can abuse his or her official position and still be found to have acted under "color of law." [Id. at 8.] Plaintiff maintains that he has alleged sufficient facts to plausibly indicate that Marini was acting "under color of law" or "in the course of his employment." He argues that Marini's conduct was related to the performance of his official duties and to the authority conferred upon him by the state. [Id. at 9-11.] He asserts that his allegations show that Marini possessed the trappings of his official position at the time of the incident, including his service revolver, loaded shot-gun, and police subsidized vehicle. [Id. at 17 (citing First Amended Complaint at ¶ 25).]

## B.   **Municipal Liability Claims**

With respect to his § 1983 "policy or custom" claim against the City, Plaintiff argues that his First Amended Complaint sufficiently states a Monell claim. He contends that there are sufficient facts alleging a custom of failure to

investigate or discipline police officers who use excessive force and engage in acts of deliberate indifference to the medical needs of arrestees. [Id. at 25-28.]

Plaintiff next argues that he has alleged sufficient facts of municipal liability based on a "ratification" theory. Plaintiff asserts that the Chief of Police knew of the obvious excessive use of force in this case, but nonetheless deliberately and knowingly chose to approve and ratify the use of excessive force by Marini. [Id. at 31 (citing First Amended Complaint at ¶ 22).] He also argues that the City's failure to discipline or reprimand Marini for the violation of the City's own use of force policies can itself for the basis of municipal liability. [Id. at 34.]

Finally, Plaintiff argues that he states a claim for municipal liability based on the City's failure to train and/or retrain Marini following prior excessive force complaints against him. [Id. at 31.]

C.   **Compliance with Court's Order**

Plaintiff contends that Count III, paragraph 35, complies with the Court's Order regarding his Monell claim seeking monetary relief under § 1983. He says that his allegations of violation of the "Fourth, Eighth, and Fourteenth Amendments" now "identify[] the correct constitutional provisions applicable to each of the Plaintiffs' specific federal

claims . . . to the extent any provision contained within Paragraph 35 may be dismissed, on the reference to the 'Eighth Amendment' should potentially be dismissed." [Id. at 39.]

### D.    *Respondeat Superior* **Claims**

Plaintiff clarifies that he is not alleging any federal claims against the City based on *respondeat superior*.  Rather, those allegations apply only to Plaintiff's state law claims in Counts VI and V.

## III. **Defendants' Reply**

In their reply, Defendants repeat that Plaintiff's allegations that Marini acted "under color of law" are legal conclusions and should be dismissed.  They argue that facts set forth in the First Amended Complaint do not indicate that Marini was purporting or pretending to act in the performance of his official duties.  [Reply at 2-3.]  Defendants also posit that the allegations that Marini was acting "within the scope of his employment" are mere legal conclusions that are not entitled to a presumption of truth.  [Id. at 5.]

Defendants also argue that Plaintiff does not allege sufficient non-conclusory facts to support his § 1983 municipal liability claim.  They contend that Plaintiff does not indicate what training was not provided to HPD officers, and how the City was deliberately indifferent in not providing such training. [Id. at 4.]

11

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. Id. at 1950.

**DISCUSSION**

**I.   Section 1983 Municipal Liability**

Under 42 U.S.C. § 1983:

Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a § 1983 claim, a "plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

First, Defendants seek dismissal of Plaintiff's § 1983 claims against the City to the extent they are based on a respondeat superior theory of municipal liability.  Plaintiff, however, explains that he is not alleging any federal claims against the City based on respondeat superior.  Rather, those allegations apply only to Plaintiff's state law claims in Counts VI and V.  To the extent Plaintiff alleges § 1983 claims in Count I against the City based on a respondeat superior theory of municipal liability, they are DISMISSED.

Next, as to Plaintiff's Monell claim, Defendants argue that Plaintiff fails to plead nonconclusory facts plausibly suggesting a failure to train or another deficient City policy.

13

The Court previously held as follows with respect to Plaintiff's Count I § 1983 failure to train claim:

> Silva fails to allege underlying facts that would tend to show a "policy or custom" implicating municipal liability under § 1983.  Nor does he offer any factual allegations relating to the requisite "deliberate indifference" or deficiency supporting an allegation for failure to train.  In order to properly allege a claim under § 1983 against the City, Silva, to the extent he is "seeking to impose liability against a county for failure to train[,] must show: '(1) [A]n inadequate training program, (2) deliberate indifference on the part of the County in adequately training its law enforcement officers, and (3) [that] the inadequate training "actually caused" a deprivation of [a plaintiff's] constitutional rights.'"  See [Wereb v. Maui Cnty., 727 F. Supp. 2d 898, 921 (D. Hawai'i 2010)] (quoting Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989)).

[Order at 32 (some citations omitted) (some alterations in original).]

The First Amended Complaint sufficiently alleges underlying facts to maintain a claim for failure to train to survive the instant Rule 12(b)(6) Motion.  Plaintiff alleges that the "Defendant City and County was also deliberately indifferent to its need to retrain Officer Marini in the use of appropriate force and not to use lethal force without proper justification following prior claims of excessive force against him."  [First Amended Complaint at ¶ 22(b)(1).]  The allegation that Marini did not receive proper training following prior claims of excessive force against him satisfies the requirements set forth in the

Court's previous Order.

Plaintiff also alleges a <u>Monell</u> claim for failure to investigate or discipline.  Under Ninth Circuit law, a custom or practice can be "inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'"  <u>Hunter v. Cnty. of Sacramento</u>, 652 F.3d 1225, 1233-34 (9th Cir. 2011) (quoting <u>Nadell v. Las Vegas Metro. Police Dep't</u>, 268 F.3d 924, 929 (9th Cir. 2001)).  The First Amended Complaint alleges a widespread and "longstanding custom" by the City of "failing to independently and adequately investigate complaints of excessive force against its police officers", and to "ignore", "whitewash-over", or "cover-up" eye-witness statements, medical reports and other evidence establishing excessive force claims. [First Amended Complaint at ¶ 22.]  These allegations, although not extremely detailed, are sufficient to survive Defendant's Rule 12(b)(6) Motion.

Plaintiff next argues that he has alleged sufficient facts of municipal liability based on a "ratification" theory. The First Amended Complaint alleges that the Chief of Police knew of the obvious excessive use of force in this case, but nonetheless deliberately and knowingly chose to approve and ratify the use of excessive force by Marini, as follows:

> [The City] ratified Defendant Marini's
> unconstitutional use of force in violation of the

15

> Fourth Amendment and failure to attend to the
> medical needs of the Plaintiff in violation of the
> Fourteenth Amendment, notwithstanding obvious and
> overwhelming evidence of excessive force known to
> the Defendant County, including: Officer Marini's
> repeatedly having shot the Plaintiff while he was
> defenseless, on the ground, and into the
> Plaintiff's back, and including medical evidence
> and reports confirming the shooting of the
> Plaintiff multiple times in the back, and the lack
> of any demonstrable serious injury to the
> Defendant Officer or threat of harm to others or
> any other probable cause justifying the repeated
> use of lethal force in the instant case.  In
> addition, an official with final policy-making
> authority, to wit: then acting Chief of Police
> Paul Putzulu, and/or other managerial level
> employees whose actions can fairly be said to
> represent the official policy of Defendant City
> and County, ratified and/or approved of the
> unconstitutional use of force in violation of the
> Fourth Amendment, and failure to attend to the
> serious medical needs of the wounded Plaintiff in
> violation of the Fourteenth Amendment as alleged
> herein and incorporated by reference.

[First Amended Complaint at ¶ 22(h).]  Although not artfully

stated, Plaintiff alleges some facts that the Chief himself

ratified Marini's actions by failing to investigate, train, or

discipline Marini, because he had knowledge of and approved of

such actions, in spite of the openness and excessiveness of the

alleged force used.  See Christie v. Iopa, 176 F.3d 1231, 1239

(9th Cir. 1999) (ratification requires proof of a policymaker's

knowledge of the alleged constitutional violation); Trevino v.

Gates, 99 F.3d 911, 920 (9th Cir. 1996) (ratification requires an

adoption and express approval of the acts of others who caused

the constitutional violation); Gillette v. Delmore, 979 F.2d

1342, 1348 (9th Cir. 1992) (an official policymaker must "make a deliberate choice from among various alternatives to follow a particular course of action").  Here, although a close call, there are sufficient factual allegations that the Chief knew of, adopted, or approved Marini's alleged actions.

The Motion is DENIED as to Count III.

## II.  **"Under Color of Law"**

Defendants argue that the First Amended Complaint includes bare legal conclusions and that there are no facts alleged that plausibly indicate that Marini was acting "under color of law" or "in the course of his employment" with the City or HPD.  The Court disagrees and finds that the First Amended Complaint sufficiently alleges that Marini was acting "under color of law."

There is no rigid formula for determining color of law for the purposes of § 1983 liability.  Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974).  In order to determine color of law, a court must examine the totality of the circumstances.  Id.  In the Ninth Circuit, acts committed by a state actor even while on duty and in uniform are not necessarily under color of law unless they are related to the performance of governmental duties.  Van Ort v. Estate of Stanewich, 92 F.3d 831, 838 (9th Cir. 1996).  Officers who engage in confrontations for personal reasons unrelated to law enforcement, and who do not

17

purport or pretend to be officers do not act under color of law. Id.  An officer pursuing his own goals, however, can act under color of law if he "purports or pretends" to do so.  Id.

Under Ninth Circuit law, the Court considers three requirements to determine whether an act is committed under color of law.  "First, the defendant's action must have been performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties." Anderson v. Warner, 451 F.3d 1063, 1068 (9th Cir. 2006) (citation and quotation marks omitted).  Second, the actor's pretense of acting in the performance of his or her duties must have had the purpose and effect of influencing the behavior of others.  Id. at 1069 (citation omitted).  Third, the challenged conduct must be related in some meaningful way either to the officer's governmental status or to the performance of his duties.  Id.

Here, the First Amended Complaint alleges that Marini acted under color of law when he shot Plaintiff with his service revolver, attempted to prevent Plaintiff's escape, and that he used excessive force in apprehending, arresting, or taking Plaintiff into custody.  It also alleges: that Marini used lethal force to apprehend the "perpetrator" in response to his alleged offense of Unauthorized Entry into a Motor Vehicle ("UEMV"); that lethal force was inappropriate because there was no threat "to Officer Marini or the public at large if the Plaintiff were not

18

immediately apprehended"; and that, because UEMV is not such a
serious offense that would justify lethal force to prevent the
Plaintiff's escape, Marini's "repeated use, of deadly force on
the Plaintiff was unreasonable and totally without
justification." [First Amended Complaint at ¶¶ 11, 13, 16, 17.]
The First Amended Complaint alleges that Marini "shot the
Plaintiff multiple times including when the Plaintiff attempted
to flee without adequate cause or provocation to use lethal
force" in breach of his duty under the Constitution "to refrain
from the use of excessive force in apprehending, arresting, or
taking Plaintiff into custody". [Id. at ¶¶ 13, 16, 17.]

       The complained of conduct is related to Marini's
official status or apparent performance of his duties, including
arresting Plaintiff and taking him into custody.  An arrest or
seizure of Plaintiff by Marini is in the performance of a police
officer's conduct under color of law.  Further, the allegations
are more than "legal conclusions" or a recital of the elements of
a cause of action.  Plaintiff alleges the factual circumstances
under which the alleged seizure and/or excessive force took
place.

       On a Rule 12(b)(6) motion, the Court takes all
allegations of material fact, as opposed to legal conclusions, as
true and construes them in the light most favorable to the
nonmoving party.  Marcus v. Holder, 574 F.3d 1182, 1184 (9th Cir.

2009).  In this light, the Court finds that Plaintiff's § 1983 claims set forth sufficient factual matter to "state a claim to relief that is plausible on its face."  See Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  The First Amended Complaint contains sufficient factual matter, beyond legal conclusions, to state a claim that is plausible on its face.  Plaintiff satisfies the pleading standards with respect to his § 1983 allegations. The Motion is DENIED as to this claim.

## III. **Remaining Claims**

To the extent Defendants seek dismissal of Plaintiff's § 1983 claims brought under the Eighth Amendment, the Motion is GRANTED.

To the extent Defendants seek dismissal of Plaintiff's § 1983 claims brought under the Fourteenth Amendment, the Motion is DENIED.  Plaintiff may allege claims for violation of his Fourth Amendment rights (e.g., excessive force and unlawful seizure), and his Fourteenth Amendment rights (e.g., medical needs of detainees), to the extent that such claims are not duplicative and consistent with the Court's previous Order.  See Lolli v. Cnty. of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) ("Although the Fourth Amendment provides the proper framework for

20

Lolli's excessive force claim, it does not govern his medical needs claim.  Claims of failure to provide care for serious medical needs, when brought by a detainee such as Lolli who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment." (citation omitted)).

To the extent Defendants raised additional arguments regarding legal conclusions, the sufficiency of factual allegations, or any other basis for dismissal pursuant to Rule 12(b)(6) not specifically addressed above, the Motion is DENIED.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion Dismiss Plaintiff's First Amended Complaint, filed July 30, 2012, is HEREBY GRANTED IN PART and DENIED IN PART.  The Motion is GRANTED as to Plaintiff's claims relating to the Eighth Amendment and as to the City's *respondeat superior* liability under Counts I through III.  The Motion is DENIED in all other respects.

IT IS SO ORDERED.

//
//
//
//
//

DATED AT HONOLULU, HAWAII, October 29, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

KIHA SILVA V. CITY AND COUNTY OF HONOLULU, ET AL; CIVIL NO. 11-00561 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY AND COUNTY OF HONOLULU AND KEITH DAVID MARINI'S MOTION TO DISMISS FIRST AMENDED COMPLAINT